## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**TORI TONI CURTIS**                                                                                          **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 5:19CV-P167-TBR**

**BRADLEY BOYD** *et al.*                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Tori Toni Curtis filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.[1] This matter is before the Court upon initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a convicted inmate at the Christian County Jail (CCJ) at the time pertinent to the complaint. He sues Christian County Jailer Bradley Boyd, Colonel Howard, and Captain Burd in their individual and official capacities.

Plaintiff states that he was not able to take a hot shower "due to the shower water temperature being very, extremely freezeing cold . . . ." He also states that he is "being housed in a wing with approximately 20 altogether inmates – (which only suppose to house only 15 inmates in this wing we're living in, but it's 20 or more due to over crowdedness here at [CCJ])." He states he had "gone 7 days an still currently counting with out able to properly clean or pores on our bodies . . . ." He continues, "The cold water does keep our pores closed up, which, closed pores doesn't allow the soap access to thoroughly clean the dirt & filth out of it which causes infections, bumps, etc." He states that he had brought up the issue to Defendants and filed grievances. Plaintiff also maintains that Defendants are not allowing him "to grief, an taking

---

[1] Plaintiff filed this suit jointly with three other inmates. However, the other three inmates were dismissed as Plaintiffs to the action for failure to prosecute (DN 10).

care of the problem at hand." Plaintiff further states that he is a state inmate and that he is "sleeping on the floor, not high up off of the ground, but we're six inches below on the floor and have been for weeks and years . . . ."

As relief, Plaintiff requests compensatory and punitive damages and "to be transferred to the penitentsary."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

**A. Conditions of confinement**

The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the "'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). While the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Plaintiff has failed to state a claim with regard to his allegation that he was denied a hot shower. *See, e.g.*, *Salami v. Winn*, No. 19-1634, 2019 U.S. App. LEXIS 33752, at *1-2 (6th Cir. Nov. 12, 2019) (holding that prisoners do not have an Eighth Amendment right to hot water where inmate alleged that lack of hot water resulted in "back infections, acne, and scarring"); *Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) ("The district court . . . properly dismissed Hopkins's claims relating to the absence of hot water in his cell. Prisoners do not have a constitutional right to hot water under the Eighth Amendment."); *Brooks v. Daniels*, No.

3:12CV-P446-S, 2012 U.S. Dist. LEXIS 164561, at *5 (W.D. Ky. Nov. 19, 2012) (finding that the plaintiff's claim that some cells had no hot water was not a constitutional violation).

Moreover, "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff's allegation that he was required to sleep on the floor is not a deprivation of the minimal civilized measure of life's necessities. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) ("[The plaintiff] has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."); *Edwards v. Warren Cty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 U.S. Dist. LEXIS 6355, at *9 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").

Accordingly, Plaintiff's claims based on his conditions of confinement against Defendants in their individual and official capacities must be dismissed for failure to state a claim upon which relief may be granted.

## B. Grievance handling

Moreover, prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent

constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claims against Defendants in their individual and official capacities based on the handling of his grievances must be dismissed for failure to state a claim upon which relief may be granted

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the action by separate Order.

Date: August 7, 2020

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4413.010